**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| KENNY MARICELA GRANADENO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-00167-SRB |
| | ) | |
| KRISTI NOEM, in her official capacity, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendant Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security, Kika Scott, in her official capacity as senior official performing the duties of the Director of U.S. Citizenship and Immigration Services ("USCIS"), and Gregory A. File's, USCIS Kansas City Field Office Director's ("Defendants") Motion to Dismiss. (Doc. #13.) As set forth below, the motion is GRANTED.

This is an immigration case filed by Plaintiff Kenny Maricela Granadeno ("Plaintiff"). Plaintiff alleges that, in 2010, Defendants arbitrarily and capriciously denied her Form I-360 (Petition for Amerasian, Widow(er), or Special Immigrant), and Form I-485 (Application to Register Permanent Residence or Adjust Status). In 2023, Plaintiff filed a Form I-290B Notice of Appeal of the 2010 denials. USCIS denied the appeal as untimely, and Plaintiff alleges that denial was arbitrary and capricious.

On September 27, 2024, Plaintiff filed this lawsuit against Defendants.[1] Plaintiff asserts the following claims: Count I—Mandamus Act, 18 U.S.C. § 1361, as to the I-360 denial; Count

[1] Plaintiff filed this lawsuit in the United States District Court for the District of Maryland. The case was transferred to this Court on March 10, 2025.

II—Mandamus Act, 18 U.S.C. § 1361, as to the I-485 denial; Count III—Mandamus Act, 18 U.S.C. § 1361, as to the I-290B denial; and Count IV—Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), as to the denial of Plaintiff's I-360, I-485, and I-290B.

Defendants then filed the pending motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue the Court lacks subject matter jurisdiction over the agency decisions at issue and that Plaintiff cannot state a claim because this case is time-barred.

The initial deadline for Plaintiff to respond to the instant motion was May 27, 2025. Plaintiff did not file a response. On May 28, 2025, the Court issued the following Order:

> According to the docket sheet, Plaintiff's response to the Government's motion to dismiss (Doc. # 13) was due on or before May 27, 2025. Plaintiff has not filed a response. It is hereby ORDERED that Plaintiff file a response within seven (7) days from the date of this Order. If Plaintiff fails to timely file a response the Government's motion to dismiss may be granted as unopposed and without further notice.

(Doc. #14.) The new deadline for Plaintiff to file a response was thus June 4, 2025. At the time of this Order, Plaintiff has not filed a response to the pending motion or to the May 28, 2025 Order.

Upon review of the record, the Court finds this case should be dismissed for the reasons stated by Defendants. With respect to Plaintiff's claims under the APA, the Court agrees with Defendants that:

> [Plaintiff's] APA claims fail because they far exceed the six-year statute of limitation, which began accruing more than 14 years ago on August 25, 2010, the date that USCIS denied [Plaintiff's] Forms I-360 and I-485. 28 U.S.C. § 2401(a); *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 144 S. Ct. 2440, 2443 (2024) (the APA statute of limitations begins when the plaintiff is injured by final agency action.). Thus, her challenges are untimely.

(Doc. #13, p. 13.)

With respect to Plaintiff's claims for mandamus relief, the Court agrees with Defendants that:

> [Plaintiff] raises various challenges to [] Defendants' denials of her Forms I-360, I-485, and I-290B, and . . . her claims fail for many reasons. Significantly, [Plaintiff's] Forms I-360 and I-485 were adjudicated and denied over 15 years ago and her Form I-290B appeal was denied in 2024. Any alleged duty to adjudicate her Forms I-360 and I-485 was satisfied in 2010. Similarly, any alleged duty to adjudicate her Form I-290B was satisfied when USCIS issued its July 24, 2024, denial. Thus, [Plaintiff] cannot meet the requirements for a writ of mandamus.

(Doc. #13, p. 19.)

For these reasons, for the additional reasons stated by Defendants, and because Plaintiff has failed to oppose the motion, it is hereby ORDERED that Defendants' Motion to Dismiss (Doc. #13) is GRANTED. This case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2025